## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

DEMETRIUS WOODS                                                    PLAINTIFF
ADC # 108514

v.                              2:24CV00026-DPM-JTK

DOE                                                               DEFENDANTS

## ORDER

Demetrius Woods ("Plaintiff") is confined in the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"). He filed this pro se action under 42 U.S.C. § 1983. (Doc. No. 2). Plaintiff also filed a Motion to Proceed In Forma Pauperis, which the Court granted. (Doc. Nos. 1, 3).

On screening Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") the Court found that Plaintiff's Complaint failed to state a claim on which relief may be granted. (Doc. No. 3). The Court gave Plaintiff the chance to file an Amended Complaint to cure the deficiencies in his pleading. (Id.).

Plaintiff has filed his Amended Complaint. (Doc. No. 5). The Court will now continue screening Plaintiff's claims.

### I.      Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim.  <u>See</u> <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

## II.    Facts and Analysis

Plaintiff's Amended Complaint is 519 pages long, including what Plaintiff refers to as supporting documents.  (Doc. No. 5).  In his Amended Complaint, Plaintiff makes claims against more than a dozen ADC officials.  (<u>Id</u>. at 1-6).  Upon review of Plaintiff's Amended Complaint, his claims range from failure to protect, to excessive force, to alleged false disciplinaries, to conditions of confinement, to retaliation, to due process violations, to loss of personal property, among other claims.  Plaintiff's claims arise on different dates, involve a mix of various Defendants, and the incidents complained of took place in multiple units of the ADC.

Plaintiff also filed a document titled "Writ Mandamus," which has been docketed as a Motion.  (Doc. No. 6).  The document sets out factual allegations regarding certain claims Plaintiff raises.  As such, the Court construes the document as a supplemental pleading.  To the extent the document was docketed as a Motion, the Motion is denied as moot.

As explained below, there are problems with Plaintiff's current pleadings. Plaintiff will be given the chance to submit a Second Amended Complaint to cure the defects in his current pleading.

### A.    Rule 8 Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure requires "**a short and plain statement of the claim**." FED. R. CIV. P. 8(a)(2) (emphasis added).

Plaintiff's 519-page Amended Complaint does not comply with Rule 8's requirement. See Cody v. Loen, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (citing Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) ("primary purpose of Rule 8 is to allow court and opposing party to understand whether valid claim is alleged and, if so, what it is; complaint must be sufficiently clear so court or opposing party is not required to keep sifting through it in search of what it is plaintiff asserts") and Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 439 (8 th Cir. 1983) (per curiam) ("given amended complaint's 98 pages with 144 numbered paragraphs, and its style and prolixity of pleadings, orderly trial would have been impossible")).

If Plaintiff chooses to file a Second Amended Complaint, his statement of claim should be **short and plain**.

### B.    Permissive Joinder

Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties. FED. R. CIV. P. 20. Under Rule 20, Defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2)(A)-(B).

"On motion or on its own, the court may at any time, on just terms, add or drop a party."
FED. R. CIV. P. 21.

As mentioned above, Plaintiff makes claims that arise on different dates, concern different ADC Units, and involve a various mix of Defendants and various rights. Not all Defendants and claims are properly joined here. For example, Plaintiff's failure to protect claims that arose while he was in the Cummins Unit are not properly joined with Plaintiff's claims that his personal property was lost when he arrived at the East Arkansas Regional Unit. For further example, Plaintiff's failure to protect claims that arose while he was in the Cummins Unit are not properly joined with the allegations of failure to protect that Plaintiff raises in connection with the East Arkansas Unit. (Doc. No. 6). In other words, all of these claims cannot proceed in the same lawsuit.

The Court will give Plaintiff the chance to pick which claim he would like to pursue in this case. Plaintiff should include only Defendants that are properly joined and only claims that involve "'logically related' events." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Again, only a **short and plain** statement of the claim is needed.

C.    **Superseding Amended Complaint**

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Second Amended Complaint that contains in a short and plain statement of his claims. Plaintiff is cautioned that a Second Amended Complaint renders his Amended Complaint without legal effect.[1] Only claims properly set out in the Second Amended Complaint

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir.

will be allowed to proceed.  Therefore, Plaintiff's Second Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;  3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit a Second Amended Complaint, I will continue screening Plaintiff's Amended Complaint (Doc. Nos. 5, 6) in its current form.

## IV.    Conclusion

IT IS, THEREFORE, ORDERED that:

1.      Plaintiff's "Writ Mandamus" (Doc. No. 6), which the Court construes as a supplemental pleading, is DENIED as moot.

2.      If Plaintiff wishes to submit a Second Amended Complaint for the Court's review, he must file the Second Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.  If Plaintiff does not submit a Second Amended Complaint, I will continue screening his Amended Complaint in its current form.

3.      The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

IT IS SO ORDERED this 25th day of March, 2024.

---

1996), quoting <u>International Controls Corp. v. Vesco</u>, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE